**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

Case No. 13-CV-05104-VEB

KRISTI LEE ELLISON,

                Plaintiff,          DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

# I. INTRODUCTION

In August of 2010, Plaintiff Kristi Lee Ellison applied for Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, represented by Cohen & Schwab, P.S.C., David L. Lybbert, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 5).

On June 3, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 18).

## II. BACKGROUND

The procedural history may be summarized as follows:

On August 27, 2010, Plaintiff applied for SSI benefits, alleging disability beginning May 1, 2003. (T at 142-48).[1]  The application was denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On May 10, 2012, a hearing was held before ALJ Donna W. Shipps. (T at 49).  Plaintiff appeared with her attorney and testified. (T at 56-85).  The ALJ also received testimony from Thomas A. Polsin, a vocational expert. (T at 86-99).

On May 25, 2012, the ALJ issued a written decision denying the application for benefits and finding that Plaintiff was not entitled to benefits under the Social

---

[1] Citations to ("T") refer to the administrative record at Docket No. 14.

DECISION AND ORDER – ELLISON v COLVIN 13-CV-05104-VEB

Security Act.  (T at 20-39).    The ALJ's decision became the Commissioner's final decision on August 22, 2013, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-7).

On September 18, 2013, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 8). The Commissioner interposed an Answer on January 21, 2014. (Docket No. 14).

Plaintiff filed a motion for summary judgment on May 21, 2014. (Docket No. 17).  The Commissioner moved for summary judgment on June 30, 2014. (Docket No. 19).  Plaintiff filed a reply brief on July 14, 2014. (Docket No. 20).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

### III. DISCUSSION

A.    **Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman*

DECISION AND ORDER – ELLISON v COLVIN 13-CV-05104-VEB

*v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.   Commissioner's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 27, 2010, the application date. (T at 25). The ALJ determined that Plaintiff's post-traumatic stress disorder, depressive disorder, obsessive compulsive personality disorder, generalized anxiety disorder, panic disorder without

agoraphobia, degeneration of the lumbar and lumbosacral intervertebral disc, and obesity were "severe" impairments under the Act. (Tr. 25).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 25-27). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR §§ 404.1567 (b) and 416.967 (b). The ALJ concluded that Plaintiff could occasionally climb stairs and ramps, but never climb ladders, ropes or scaffolds, and could frequently balance, kneel, crouch, and crawl and stoop occasionally. The ALJ noted that Plaintiff should avoid concentrated exposure to heat and vibrations. The ALJ found that Plaintiff could remember locations and work-like procedures; understand, remember, and carry out very short and simple instructions, as well as detailed instructions, and perform the other mental demands of basic work activity. The ALJ noted that Plaintiff would work best in a setting that involved superficial contact with the public and supervisors and work in proximity (but not close cooperation) with others. (T at 27-34).

The ALJ found that Plaintiff could not perform her past relevant work as a nurse's assistant. (T at 34). However, considering Plaintiff's age (38 on the application date), education (high school), work experience, and RFC, the ALJ

determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 34-35).

As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act, between August 27, 2010 (the application date) and May 25, 2012 (the date of the decision) and was therefore not entitled to benefits. (Tr. 35). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-7).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  She offers three (3) arguments in support of this position.  First, Plaintiff contends that the ALJ improperly rejected the opinions of examining medical providers.  Second, Plaintiff challenges the ALJ's credibility determination. Third, Plaintiff asserts that the ALJ's step five analysis was flawed. This Court will examine each argument in turn.

## IV. ANALYSIS

**A.    Examining Providers**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*,

379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Dr. Stephen Rubin, an examining psychologist, performed a consultative psychological evaluation of Plaintiff on January 7, 2011. Dr. Rubin diagnosed post-traumatic stress disorder, depressive disorder NOS, obsessive compulsive characteristics, and social difficulties. (T at 333). He assigned a GAF score[2] of 65 (T at 333), which is indicative of mild symptoms. *See Wright v. Astrue*, CV-09-164, 2010 U.S. Dist. LEXIS 53737, at *27 n. 7 (E.D. Wa. June 2, 2010).

On January 19, 2011, Dr. Patricia Kraft, a non-examining State Agency review consultant, prepared a report in which she opined that Plaintiff had mild restriction in activities of daily living, moderate difficulties in maintaining social

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – ELLISON v COLVIN 13-CV-05104-VEB

functioning, and mild difficulties in maintaining concentration, persistence, or pace. (T at 356).

Plaintiff contends, without supporting citation, that the ALJ improperly discounted the opinions of Dr. Rubin and Dr. Kraft. However, the ALJ credited Dr. Rubin's findings, which are generally consistent with the ALJ's RFC determination. (T at 33). Dr. Kraft concluded that Plaintiff could learn, remember, and carry out simple and complex instructions and tasks; maintain attention/concentration on work tasks for at least 2 hour intervals; interact on a superficial basis with the public; learn change, take precautions, travel, and plan. (T at 362). These findings are also generally supportive of the ALJ's RFC determination. This Court finds no error with regard to the ALJ's consideration of the opinions of Dr. Rubin and Dr. Kraft.

In November of 2010, Mr. Anthony Yokum, an occupational therapist, performed a functional capacity evaluation. Mr. Yokum opined that Plaintiff could sit for 23 minutes at a time and 1 hour and 35 minutes total. (T at 244). He assessed a walking tolerance of 15 minutes at one time (40 minutes total) and standing tolerance of 38 minutes at one time (1 hour, 37 minutes total). (T at 244). He found that Plaintiff could perform work at the light exertional level and that, if Plaintiff was to return to work, she would "most likely be successful doing so gradually," with part-time work at the sedentary or sedentary-light work level as a starting point.

DECISION AND ORDER – ELLISON v COLVIN 13-CV-05104-VEB

(T at 244-45). In November of 2010, Mr. Yokum completed another assessment in which he opined that Plaintiff could perform sedentary work. (T at 247).

The ALJ discounted Mr. Yokum's findings, on the grounds that they were conclusory and contradicted by other evidence of record. (T at 32).   The ALJ's decision was consistent with applicable law and supported by substantial evidence. Mr. Yokum's reports were, in fact, conclusory and not well-supported by clinical findings.  The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).   The ALJ also cited numerous clinical findings and nerve conduction studies contained in the record, which generally showed mild or no physical abnormalities. (T at 30).

In addition, the ALJ relied upon the assessment of Dr. Robert Handler, a State Agency review consultant, who opined that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand/walk for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (T at 365).  "The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it." *Henderson v.*

*Astrue*, 634 F. Supp. 2d 1182, 1190 (E.D.W.A. 2009)(citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

Further support for the ALJ's decision is found in the consultative evaluation provided by Dr. Gerald Craigg.  Dr. Craigg diagnosed degeneration of lumbar or lumbroscral intervertebral disc, generalized anxiety disorder, panic disorder without agoraphobia, and obesity. (T at 336).  He described Plaintiff's lower back pain as "moderate," but noted that she was able to perform movements consistent with a mild rating. (T at 337).

In sum, the record evidence is largely supportive of the ALJ's RFC determination and decision to discount Mr. Yokum's assessments.  To the extent there are arguable conflicts in the evidence, it is the role of the Commissioner, not this Court, to resolve those conflicts. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – ELLISON v COLVIN 13-CV-05104-VEB

Here, the ALJ's assessment of the medical evidence is supported by substantial evidence and must therefore be sustained.

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, Plaintiff testified as follows:

She is married.  She received an associate's degree, although it took her five years to earn the degree because of difficulty sitting for extended periods and the need to take night classes to accommodate child care.  (T at 57-58).  Prolonged sitting causes numbness and sharp, shooting back pain. (T at 59).  Back pain limits her ability to walk and stand. (T at 60).  She spends a great deal of time each day

14

lying down. (T at 62). Physical therapy made her symptoms worse. (T at 63). She has obsessive compulsive symptoms, including germ issues. (T at 63-64). The symptoms interfere with her concentration. (T at 65). She has difficulty sleeping due to intense nightmares and generalized anxiety. (T at 66). Interacting with others is difficult due to trust issues and OCD symptoms. (T at 67, 69). She has bipolar symptoms, including manic periods, irritability, and difficulty concentrating. (T at 68). She spends most of the day on many days in bed. (T at 71). Bending and twisting her back are difficult and she cannot stoop or crouch. (T at 71).

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but found that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent alleged. (T at 29-32).

This Court finds that the ALJ's assessment was supported by substantial evidence and consistent with applicable law. Although the lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). It is also proper for the ALJ to consider whether subjective complaints are contradicted by medical records and daily activities. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008);

*Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).   Here, Plaintiff's subjective reports of disabling pain and psychiatric symptoms were contradicted by the findings of Dr. Handler (T at 365), Dr. Craigg (T at 336), Dr. Rubin (T at 333), and Dr. Kraft (T at 356).

Dr. Rubin assessed generally mild psychiatric symptoms. (T at 333).   Dr. Kraft opined that Plaintiff had mild restriction in activities of daily living, moderate difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence, or pace. (T at 356). Dr. Handler concluded that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand/walk for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (T at 365).   Dr. Craigg found that Plaintiff was able to perform physical movements consistent with a mild rating. (T at 337).

When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d

DECISION AND ORDER – ELLISON v COLVIN 13-CV-05104-VEB

1104, 1112-13 (9th Cir. 2011); *see also Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.").

Here, Plaintiff also engaged in an array of activities of daily living that the ALJ reasonably found inconsistent with her claims of disabling limitations, including attending to appointments, child care, preparing meals, using public transportation, performing household chores, and engaging in hobbies such as reading and quilting. (T at 31-32).

Where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## C.    Step Five

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a

"significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995).

The ALJ concluded that there were jobs in the national economy that Plaintiff could perform. (T at 34-35).  This conclusion was based on the testimony of Thomas Polsin, a vocational expert.  The Commissioner may carry the step five burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs*., 815 F.2d 1275, 1279 (9th Cir.1987).  "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, Plaintiff argues that the hypothetical questions presented to the vocational expert were flawed because they did not include all of her limitations. Plaintiff essentially re-states the arguments discussed above. However, an ALJ is not

obliged to accept as true limitations alleged by Plaintiff and may decline to include such limitations in the vocational expert's hypothetical if they are not supported by sufficient evidence. *See Martinez v. Heckler*, 807 F.2d 771 (9th Cir. 1986); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  For the reasons outlined above, the ALJ's RFC determination was supported by substantial evidence and the hypothetical questions, which synthesized and incorporated the ALJ's RFC findings, were sufficient. *See Hall v. Colvin*, No. CV-13-0043, 2014 U.S. Dist. LEXIS 45006, at *24-25 (E.D. Wash. Mar. 31, 2014)("A claimant fails to establish that a Step 5 determination is flawed by simply restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected.")(citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an

DECISION AND ORDER – ELLISON v COLVIN 13-CV-05104-VEB

appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No.  17**, is **DENIED.**

The Commissioner's motion for summary judgment, **Docket No. 19**, is **GRANTED**.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Commissioner, and CLOSE this case.

DATED this 3rd day of November, 2014.

_/s/Victor E. Bianchini_
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – ELLISON v COLVIN 13-CV-05104-VEB